UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

JEFFREY C. SPAW,

      Plaintiff,

vs.

Hon. Joseph M. Hood

AMCOR RIGID PLASTICS USA, LLC,

Case No. 5:18-cv-00230-JMH

      Defendant.

---

STRAUSE LAW GROUP, PLLC
Randall S. Strause
Parker M. Wornall
804 Stone Creek Pkwy., Ste. One
Louisville, KY 40223
Phone: (502) 426-1661
Fax: (502) 426-6772
rstrause@strauselawgroup.com
pwornall@strauselawgroup.com
*Attorneys for Plaintiff*

MIDDLETON REUTLINGER
Elisabeth S. Gray
401 S. Fourth Street, Suite 2600
Louisville, KY 40202
Phone:  (502) 584-1135
Fax:  (502) 561-1980
egray@MiddletonLaw.com

And

FOLEY & LARDNER LLP
John F. Birmingham  (*admitted phv*)
Felicia S. O'Connor  (*admitted phv*)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Phone: 313.234.7100
Fax: 313.234.2800
jbirmimgham@foley.com
foconnor@foley.com
*Attorneys for Defendant*

---

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

i

NOW COMES Defendant Amcor Rigid Plastics USA LLC ("Defendant"), by and through its attorneys, Foley & Lardner LLP, and hereby answers Plaintiff Jeffrey Spaw's ("Plaintiff") Complaint as follows:

Defendant admits the allegations set forth in the introductory paragraph of Plaintiff's Complaint only to the extent that Plaintiff purports to state claims pursuant to the Age Discrimination in Employment Act, codified at 29 U.S.C. §623 *et seq*., and the Kentucky Civil Rights Act ("KCRA") , K.R.S. § 344.040(1).  Defendant, however, denies that Plaintiff was discriminated against in any way, that Plaintiff has suffered any damages caused by Defendant, or that it is liable to Plaintiff for any sum of money or in any manner whatsoever.

## PARTIES

1.      Defendant admits the allegations in Paragraph 1 of Plaintiff's Complaint only to the extent that Plaintiff is a former employee of Defendant.  Upon information and belief, Plaintiff resides in Kentucky.

2.      Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

3.      Defendant neither admits nor denies the allegations contained in Paragraph 3 of Plaintiff's Complaint for the reasons that they assert legal conclusions.  To the extent an answer is required, Defendant does not dispute this Court's jurisdiction over this matter.

4.      Defendant neither admits nor denies the allegations contained in Paragraph 4 of Plaintiff's Complaint for the reasons that they assert legal conclusions.  To the extent an answer is required, Defendant does not dispute that this Court is the proper venue for this matter.

## FACTS

5.      Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

1

6.      Defendant neither admits nor denies the allegations contained in Paragraph 6 of Plaintiff's Complaint to the extent that they assert legal conclusions.  Upon information and belief, Plaintiff's date of birth is April 1, 1963 and he was 54 years old at the time of his termination from Defendant.

7.      Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint only to the extent that Plaintiff was employed by Defendant as a Machine Operator II (Nissei Machine) – One Step, on B shift, which is a daytime shift, and that Plaintiff was an hourly employee paid at the rate of $22.9104 per hour, with elected medical insurance coverage, paid time off and other benefits.  Defendant denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant neither admits nor denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

11.     Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint only to the extent that it hired Robert Healy as the Senior Plant Manager of its Nicholasville facility in the summer of 2015 and that following his hiring, and through the beginning of 2016, a few other management positions changed to newly hired or transferred employees.  Defendant denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant admits the allegations in Paragraph 13 of Plaintiff's Complaint only  to the extent that Defendant terminated Plaintiff's employment on May 8, 2017 in accordance with

2

Defendant's corrective action procedure, following several other disciplines for poor work quality and other policy violations. Defendant denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations in Paragraph 14 of Plaintiff's Complaint only to the extent that Plaintiff participated in a quality improvement initiative focused on ticketing errors. Defendant denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint, including the implication that any involvement in the initiative is evidence that Plaintiff did not commit ticketing errors.

15. Defendant admits the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations in Paragraph 16 of Plaintiff's Complaint only to the extent that Daniel Sizemore was the temporary employee working with Plaintiff during the incident in which Plaintiff did not follow proper protocol regarding changing a filter on the Nissei machine. Upon information and belief Daniel Sizemore is the step-brother of supervisor Shaun Charlton who worked on a different shift from both Daniel Sizemore and Plaintiff. Defendant denies the remaining allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations in Paragraph 18 of Plaintiff's Complaint. Defendant further states that Operators are permitted to train temporary employees on some aspects of the facilities' machines, however the Operator maintains responsibility for and must maintain control of the machine and any process performed by a temporary worker undergoing such training.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits the allegations in Paragraph 20 of Plaintiff's Complaint only to the extent that during the process of changing the filter on the Nissei machine, Plaintiff improperly turned off air valves rather than water valves.  Defendant admits that when Sizemore used a wrench to loosen eyebolts on the machine, water sprayed on the floor causing a safety hazard.  Defendant denies the remaining allegations in Paragraph 20 of Plaintiff's Complaint including the implication that only Sizemore's actions caused the release of water from the machine.

21.     Defendant admits the allegations in Paragraph 21 of Plaintiff's Complaint only to the extent that Jeff Jessie and Russ Daniels witnessed some portion of the incident.  Defendant denies the remaining allegations in Paragraph 21 including the implication that Jeff Jessie and Russ Daniels agree with Plaintiff's description and characterization of the incident.

22.     Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant admits the allegations in Paragraph 23 of Plaintiff's Complaint only to the extent that Defendant disciplined Plaintiff as a result of the incident in which water spilled from the Nissei machine due to Plaintiff's failure to follow proper process and that Defendant terminated Plaintiff's employment in accordance with Defendant's corrective action procedure, following several other disciplines for poor work quality and other policy violations.  Defendant denies the remaining allegations in Paragraph 23 of Plaintiff's complaint including the implication that Defendant improperly blamed Plaintiff.

24.     Defendant admits the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant admits the allegations in Paragraph 27 of Plaintiff's Complaint.

4831-0450-7253.3

28.     Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant admits the allegations in Paragraph 29 of Plaintiff's Complaint only to the extent that packaging tickets are black and white.  Defendant denies the remaining allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant admits the allegations in Paragraph 31 of Plaintiff's Complaint only to the extent that Plaintiff placed a new ticket over the old, incorrect ticket.  Defendant denies the remaining allegations in Paragraph 31 of Plaintiff's Complaint, including the implication that placing a new ticket over an incorrect ticket is proper protocol and that Plaintiff therefore "corrected" the issue.

32.     Defendant admits the allegations in Paragraph 32 of Plaintiff's Complaint only to the extent that Plaintiff placed a new ticket over the old, incorrect ticket.  Defendant denies the remaining allegations in Paragraph 32 of Plaintiff's Complaint, including the implication that placing a new ticket over an incorrect ticket is proper protocol.

33.     Defendant admits the allegations in Paragraph 33 of Plaintiff's Complaint only to the extent that Defendant issued a discipline to Plaintiff on April 20, 2017 for his ticketing error. Defendant denies the remaining allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant admits the allegations in Paragraph 35 of Plaintiff's Complaint only to the extent that it issued a discipline for inappropriate behavior to Plaintiff on January 31, 2017 due to an incident that occurred on January 15, 2017 in which Plaintiff made the comment that if his children had done something that a female co-worker had done, he would spank them. Defendant denies the remaining allegations in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant admits the allegations in Paragraph 36 of Plaintiff's Complaint only to the extent that it issued a Final Written Warning to Plaintiff on May 19, 2016 for a number of work quality issues that occurred on his May 8, 2016 shift and because Plaintiff had two prior work quality disciplines.   Defendant denies the remaining allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant admits the allegations in Paragraph 38 of Plaintiff's Complaint only to the extent that he received three written disciplines between April 16, 2017 and May 8, 2017. Defendant denies the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant admits the allegations in Paragraph 42 of Plaintiff's Complaint only to the extent that Defendant did not complain of age discrimination at any time during his employment with Defendant.   Defendant denies the remaining allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant admits the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant admits the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant admits the allegations in Paragraph 51 of Plaintiff's Complaint only to the extent that when any shift has an opening, current employees are permitted to bid on the open position and are granted the open position based on several factors including seniority, training and past performance.  Defendant admits that in the case of Plaintiff's former position, through the above referenced bidding process, an employee named Jessica Ceplecha, a Machine Operator II, working on night shift, bid on the open Machine Operator II position on B shift and Defendant granted her the position.

52.     Defendant admits the allegations in Paragraph 52 of Plaintiff's Complaint only to the extent that when any shift has an opening, current employees are permitted to bid on the open position and are granted the open position based on several factors including seniority, training and past performance.  Defendant denies the remaining allegations in Paragraph 52 of Plaintiff's Complaint.

## COUNT I – ALLEGED VIOLATION OF ADEA

53.     Defendant hereby incorporates by reference as if fully set forth herein their above answers to Paragraphs 1 – 52 of Plaintiff's Complaint.

54.     Defendant neither admits nor denies the allegations contained in Paragraph 54 of Plaintiff's Complaint to the extent that they assert legal conclusions.  Upon information and belief, Plaintiff was 54 years old at the time of his termination from Defendant.

55.     Defendant admits the allegations in Paragraph 55 of Plaintiff's Complaint only to the extent that Defendant hired Plaintiff in 2011.  Defendant neither admits nor denies the remaining allegations set forth in Paragraph 55 of Plaintiff's Complaint because it lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

56.     Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies the allegations in Paragraph 61 of Plaintiff's Complaint and denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever.

WHEREFORE, Defendant denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever, and prays that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Defendant its costs and attorneys' fees incurred in defending this action.

## AFFIRMATIVE AND SPECIAL DEFENSES

In further answer to Plaintiff's Complaint and by way of affirmative and special defenses, Defendant states that it may rely upon the following affirmative and special defenses, if applicable, and supported by facts to be determined through appropriate discovery:

A.     Plaintiff's Complaint fails to state a claim on which relief can be granted.

B.     Plaintiff cannot establish a *prima facie* case of age discrimination.

C.     Plaintiff cannot establish a *prima facie* case of age harassment.

D.     Any actions taken with regard to Plaintiff's employment were taken for legitimate, nondiscriminatory, nonretaliatory business reasons.

8

4831-0450-7253.3

E.    Plaintiff cannot demonstrate that Defendant's proffered reasons for actions taken with regard to his employment were pretextual.

F.    Plaintiff did not complain about any alleged age discrimination or harassment.

G.    Plaintiff cannot establish that the alleged conduct was intended to or did in fact substantially interfere with his employment or created an intimidating, hostile, or offensive work environment.

H.    Plaintiff cannot establish that Defendant failed to take prompt and appropriate remedial action in response to any complaints of which it had proper notice.

I.    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, the six month statute of limitation that Plaintiff expressly agreed to in his employment application and the Amcor Employee Handbook.

J.    Plaintiff's claims are barred or estopped by virtue of his own misconduct.

K.    Plaintiff's claims are barred in whole or in part by reason of his unclean hands.

L.    Plaintiff's claims and remedies are barred in whole or in part by his failure to mitigate his alleged damages, if any.

M.    Plaintiff's injuries, if any, are the result of Plaintiff's comparative and/or contributory negligence and/or his own conduct.

Defendant reserves the right to amend its answer to add additional affirmative and/or special defenses or to delete or withdraw affirmative and/or special defenses as may become necessary after a reasonable opportunity for discovery.

WHEREFORE, Defendant denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever, and prays that this Honorable Court dismiss Plaintiff's

9

Complaint in its entirety with prejudice and award Defendant its costs and attorneys' fees incurred in defending this action.

Respectfully submitted,

*/s/ Felicia S. O'Connor*
John F. Birmingham  (*admitted phv*)
Felicia S. O'Connor (*admitted phv*)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Phone: 313.234.7100
Fax: 313.234.2800
jbirmimgham@foley.com
foconnor@foley.com

-and-

Elisabeth S. Gray
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, KY 40202
Phone:  (502) 584-1135
Fax:  (502) 561-1980
egray@MiddletonLaw.com

*Attorneys for Defendant*

10

**CERTIFICATE OF SERVICE**

   I hereby certify that, on October 9, 2018, I caused to be filed **Defendant's Answer and Affirmative Defenses,** and this Certificate of Service using the ECF system. Notice of this will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


          */s/ Felicia S. O'Connor*
          Felicia S. O'Connor