UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JEFFREY C. SPAW, | ) |
| Plaintiff, | ) Civil Case No. |
| | ) 5:18-cv-230-JMH |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| AMCOR RIGID PLASTICS USA, LLC, | ) |
| Defendant. | ) |

\*\*\*

This matter is before the Court upon Defendant Amcor Rigid Plastics USA, LLC's ("Amcor")[1] motion for summary judgment [DE 24]. Plaintiff Jeffrey Spaw, a former Amcor employee, brought this action alleging he was terminated in violation of the Age Discrimination in Employment Act ("ADEA") and the Kentucky Civil Rights Act ("KCRA"). [DE 1]. The Court, having reviewed the motion, the time for Spaw to file a response having lapsed, and being otherwise sufficiently advised, this matter is ripe for review.

### I. Factual and Procedural Background

Amcor hired Spaw to work at a plant located in Nicholasville, Kentucky in June 2011. [DE 1 at 1-2]. Following a series of

---

[1] The Defendant notified the Court that it recently changed its name to Amcor Rigid Packaging USA, LLC [DE 24 at 1, fn. 1, PageID #223]. For the purposes of this order, the Court will use the above-styled docket name.

1

reprimands, Spaw's employment with Amcor was terminated on May 8, 2017. [DE 1 at 2-7]. At the time of his termination, Spaw was fifty-four years old. [DE 1 at 2]. Because Spaw believed he was terminated based on his age, he filed a charge of age-based discrimination under the ADEA with the Equal Employment Opportunity Commission ("EEOC") and the Kentucky Commission on Human Rights ("KCHR"). [DE 12-1; *see* DE 1-1, EEOC Dismissal and Notice]. The EEOC issued a Dismissal and Notice of Rights in January 2018, indicating that the EEOC was unable to establish a statutory violation, but informed Spaw that he had the right to file a lawsuit within ninety days of the notice. [DE 1-1 at 1]. Spaw initiated this lawsuit on April 4, 2018, alleging violations of the ADEA, 26 U.S.C. § 623, and the KCRA, K.R.S. § 344.040(1).[2]

Following the issuance of scheduling orders [DE 18-19], counsel for Spaw filed and this Court granted their motion to withdraw [DE 20-21]. Amcor filed a motion for summary judgment [DE 24] and several motions in limine [DE 25-27] on July 15, 2019. Per Local Rule 7.1, Spaw's deadline to respond to those motions was August 5, 2019. Spaw has neglected to appear in the case since his former counsel withdrew and he has failed to respond to Amcor's above-mentioned motions. Consistent with this Court's practice, Spaw was ordered to show cause why Amcor's motion for summary

---

[2] Because the KCRA section at issue mirrors the ADEA, the Court does not separately address that claim.

judgment should not be granted and was warned that his failure to adequately respond may result in the entry of judgment in favor of Amcor. [DE 28 at 2, PageID #427]. Spaw has failed to respond to the Court's order.

## II. Discussion

Summary judgment is appropriate only when no genuine dispute exists as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden to show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013) (internal quotations omitted). The Court construes the facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

By failing to timely respond to Amcor's motion for summary judgment, Spaw waives opposition to the motion. *See Humphrey v. U.S. Att'y Gens. Office*, 29 F. App'x 328, 331 (6th Cir. 2008); *Resnick v. Patton*, 258 F. App'x 789, 790-91 n.1 (6th Cir. 1989); *Walker v. Jones*, No. 09-cv-393-GFVT, 2010 WL 1838969, at *1 (E.D. Ky. May 5, 2010). Spaw's lack of response is grounds for this Court to grant the motion under local rules. *See* LR 7.1(c).

3

Amcor does not dispute that Spaw could establish a presumption of age discrimination under the ADEA.[3] [DE 24 at 21, PageID #243]. Instead, Amcor claims it terminated Spaw's employment for a legitimate, non-discriminatory reason: his lengthy history of poor job performance. [*Id.*]. Amcor cites to several disciplinary actions leading up to Spaw's termination, including a plethora of warnings regarding his continued failure to follow proper procedure. [*Id.* at 21-23, PageID #243-45]. Following this explanation, Spaw had the burden of showing by a preponderance of the evidence that the given reasons for termination had no basis in fact, that they did not actually motivate the discharge, or that they were insufficient to warrant dismissal. *Sander v. Gray Television Grp., Inc.*, 478 F. App'x 256, 265 (6th Cir. 2012).

Spaw also briefly mentions in the complaint alleged harassment he received because of his age in violation of the ADEA. [DE 1 at 8, PageID #8]. Amcor denies that Spaw was subjected to pervasive harassment that created an objectively hostile work environment. [DE 24 at 26, PageID #248]. Based on facts in the

---

[3] This presumption is established where the plaintiff shows (1) that he was at least forty years old at the time of the discrimination, (2) that he was qualified for the job, (3) that he suffered an adverse employment action, and (4) he was replaced by someone substantially younger. *Browning v. Dep't of Army*, 436 F. 3d 692, 695 (6th Cir. 2006)(citing *Bush v. Dictaphone Corp.*, 161 F. 3d 363, 368 (6th Cir. 1998)). The employer must then offer a non-discriminatory reason for the employment action. *Id*. If the employer meets this burden, the plaintiff must prove that those reasons are pretextual in order to prove age discrimination. *Id*.

record, Amcor points out that of the few comments Spaw alleged were harassment about his age, none were made with animus and did not create a work environment Spaw could subjectively regard as abusive. [*Id*. at 26-27, PageID #248-49]. Spaw never complained of and Amcor had no evidence of his harassment. [*Id*. at 27, PageID #249].

Because Spaw has not responded to Amcor's motion, which sets out a non-discriminatory reason for his termination and dispels the existence of pervasive harassment, he waives any opposition to the motion and judgment should be granted as a matter of law. *Humphrey*, 29 F. App'x at 331. The Court having reviewed Amcor's motion for summary judgment and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Defendant Amcor Rigid Plastics USA, LLC's motion for summary judgment [DE 24] is hereby **GRANTED**;

(2) Claims against Defendant Amcor Rigid Plastics USA, LLC, are hereby **DISMISSED WITH PREJUDICE**; and

(3) Defendant Amcor Rigid Plastics USA, LLC, is hereby **DISMISSED** as a party to this action.

This the 6th day of September, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge